Raymond J. DONOVAN, Secretary of the United States Department of Labor, Plaintiff,

v.

U.A. LOCAL 38 PLUMBERS AND PIPE TRADES PENSION FUND OF SAN FRANCISCO, Marin, Sonoma and Mendocino Counties, Defendants.

No. C 83–2287 SAW.

United States District Court, N.D. California.

Aug. 30, 1983.

Robert N. Eccles, Norman P. Goldberg, Sherwin S. Kaplan, Thomas L. Holzman, Plan Benefits Sec. Div., Washington, D.C., Daniel W. Teehan, Sandra K. Rogers, San Francisco, Cal., for plaintiff.

Lawrence Alioto, San Francisco, Cal., for defendants.

## ORDER DENYING MOTIONS TO QUASH SUBPOENAS

WEIGEL, District Judge.

The present motions were filed as actions under the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*, on July 8, 1983. On July 11, 1983, Judge Robert H. Schnacke found that these motions were directly related to this case and ordered the motions transferred to this Court.

The first motion, brought by the U.A. Local 38 Pension Trust Fund ("Pension Fund"), seeks to quash or limit a subpoena directed to the Crocker National Bank ("Crocker Bank subpoena"). That subpoena seeks records relating to loan applications of the Pension Fund and the U.A. Local 38 Convalescent Trust Fund since July 6, 1982. The second motion, brought by individual trustees of the Pension Fund ("the trustees"), asks the Court to quash or limit a group of eleven subpoenas directed to the Imperial Bank ("Imperial Bank sub-

poenas"). The Imperial Bank subpoenas request records relating to transactions with, for, or on behalf of the trustees. On August 4, 1983, this Court ordered plaintiff to file a sworn response to these motions. That response was timely filed.

 Both motions to quash are based on the Right to Financial Privacy Act ("the Act"), 12 U.S.C. § 3401 *et seq.* The Act provides the specific procedures by which federal agencies may obtain access to bank records. These procedures only apply when the records sought are those of "customers" as defined in the Act. In *Donovan v. National Bank of Alaska*, 696 F.2d 678 (9th Cir.1983), the court agreed with the Secretary's contention that "the Financial Privacy Act explicitly pertains only to records of individuals or partnerships of five or less . . . not to the records of employee benefit plans." 696 F.2d at 683–84. The Crocker Bank subpoena commands only production of employee plan records. The Act does not apply to such a subpoena.

 The trustees are customers of the Imperial Bank for the purpose of challenging the Imperial Bank subpoenas under the Act. The Secretary contends, however, that the motion to quash these subpoenas should also be denied.

 In order to invoke the protection of the Act, each trustee is required, pursuant to 12 U.S.C. § 3410(a), within ten days of service upon him of the subpoena, to file an affidavit or sworn statement in support of the motion to quash. The affiant must state that he is a customer of the financial institution and state his reasons for believing that the records sought are not relevant to the legitimate law enforcement inquiry stated by the government authority in its notice or state that there has not been substantial compliance with the Act by the government agency.

No affidavit or sworn statement was filed by any trustee within the statutory 10 day period and no affidavits have yet been filed. The legislative history and 12 U.S.C. § 3410(a) suggest that this lack of compliance is a sufficient basis for the Court to deny the trustees' motion to quash. Moreover, even treating the trustees' motion and the documents filed in support of it as sufficient compliance with § 3410(a), the Secretary's response shows that the motion to quash the Imperial Bank subpoenas should be denied.

 Pursuant to the Act, when customer records are sought, the federal agency is required to forward to the customer a copy of the subpoena, as well as written notice that such access is necessary in connection with a particular law enforcement inquiry. *See* 12 U.S.C. § 3405(2). The customer is also to be advised of the specific procedures by which he can bring a challenge to such access in federal court and is provided with sample motion forms by which he may do so. *See id.* Finally, the customer is to be advised that the records sought will be made available if no such challenge is filed by him within ten days of personal service upon him (or fourteen days from the date of mail service) of the customer notice papers. *Id.*

Each trustee whose financial records have been subpoenaed from Imperial Bank, or his attorney, was served with a copy of the subpoena along with the required notices prior to service of each subpoena on the bank. Each subpoena, as well as each notice, stated that the nature of the law enforcement inquiry was to determine whether any person had violated or was about to violate any provision of Title I of ERISA or any regulation or order thereunder.

Such an inquiry is proper under the authority granted the Secretary pursuant to ERISA § 504, 29 U.S.C. § 1134. *See Donovan v. National Bank of Alaska*, 696 F.2d 678, 684 (9th Cir.1983), a recent Right to Privacy Act case involving ERISA in which a statement of the law enforcement inquiry similar to that contained in the Imperial Bank subpoenas was found to be sufficient to comply with the requirements of 12 U.S.C. § 3405. *Pennington v. Donovan*, Misc. No. H–82–144, (S.D.Tex. April 18, 1983).

The Secretary having complied with the Act, it remains for the Court to determine whether it has been presented with a de-

monstrable reason to believe that the Secretary's law enforcement inquiry is legitimate and whether a sufficient basis exists to form a reasonable belief that the records sought by the subpoenas are relevant to that inquiry. 12 U.S.C. § 3410(c).

■ The supervisory investigator's affidavit establishes that the focus of the instant investigation is to determine whether any of the trustees used Pension Fund assets "to receive any consideration for their own personal account from any party dealing with the plan in connection with a transaction involving the assets of the plan", or in any other way used or attempted to use the Pension Fund assets to obtain any other personal advantage. This is a legitimate law enforcement inquiry. Such actions could constitute violations of the fiduciary provisions of ERISA, in particular ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106. During the period September 24, 1982, through April 19, 1983, over fifteen million dollars in Fund assets were transferred to Imperial Bank. It is reasonable to believe the records sought are relevant to proving or disproving whether any trustee engaged in financial transactions with Imperial Bank which might constitute some personal advantage received in exchange for the deposit of Fund assets.

Finally, the trustees seek to limit the Imperial Bank subpoenas to financial records directly supporting the letters of credit issued to them, asserting that the "Department of Labor wishes to know whether the Imperial Bank issued letters of credit to [trustees] on the security of U.A. Local 38 Pension Fund assets." The actual and proper scope of the investigation is not so limited and thus such a restriction on the subpoenas is unwarranted.

Accordingly,

IT IS HEREBY ORDERED that the motion to quash the subpoena served on the Crocker National Bank is DENIED.

IT IS FURTHER HEREBY ORDERED that the motion to quash or limit the subpoenas served on Imperial Bank seeking financial records of Joseph P. Mazzola, Raymond Springer, V.J. Kazarian, William Jennings, Robert J. Costello, William Spencer, Fred Castro, James Emmons, Lawrence Mazzola, Robert E. Buckley and Keith Hansen is DENIED.